IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SEA-WATCH TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 05 C 3523 |
| v. | ) | |
| | ) | Judge Bucklo |
| BRUNSWICK CORPORATION, | ) | |
| MAPTECH, INC. and SEA RAY BOATS, INC., | ) | Magistrate Judge Ashman |
| | ) | |
| Defendants. | ) | Jury Trial Demanded |

**DEFENDANT MAPTECH'S OPPOSITION TO
PLAINTIFF SEA-WATCH'S MOTION TO STAY**

On April 18, 2006, Plaintiff, Sea-Watch Technologies, Inc. ("Sea-Watch"), filed its unsupported Motion to Stay the present proceedings. Beyond stating its intent to file a request for reexamination before the U.S. Patent and Trademark Office ("PTO"), Plaintiff failed to provide any rationale for a stay in support of its Motion. Plaintiff does not address the prejudice to Defendant, Maptech, Inc. ("Maptech"), nor does it explain why it is seeking a reexamination in the PTO more than nine months after filing this suit.

The Court should not stay this litigation because it will unduly prejudice Maptech; it will not simplify issues in the case; and may increase the burden of litigation on the parties and the Court. *See Tap Pharmaceutical Products, Inc. v. Atrix Laboratories, Inc.*, 2004 WL 422697, 70 USPQ.2d (BNA) 1319 (N.D.Ill. 2004) (identifying factors to be considered). In particular, the parties have expended significant resources briefing their positions on the proper construction of the claims as they currently stand. Indeed, the Court was scheduled to issue its Order on claim construction last Friday, April 21, 2006 — within just days of Sea-Watch's Motion to Stay the action. A ruling by the Court on claim construction could lead to a quick resolution of the case.

Such a result would clearly simplify the case and create judicial economy.

Moreover, in the face of the considerable expense required by Maptech to brief the issues related to claim construction, Sea-Watch has provided absolutely no explanation for its delay in seeking a reexamination of the patent — now, nearly 10 months after filing suit. To seek a reexamination, Sea-Watch must be convinced that there is a "substantial new question of patentability" effecting the claims of the asserted patent, U.S. Patent No. 6,904,341. *See* 35 U.S.C. § 312. Yet Sea-Watch fails to identify when it learned of the substantial new question(s) of patentability, nor does it explain why it could not have sought a reexamination prior to filing this lawsuit and wasting resources of the Court and Maptech.

Further, if the Court were to grant a stay, any claims that survive the reexamination would likely be significantly amended, given the substantial question of patentability that must be presented by Sea-Watch. As a result, permitting the case to be stayed pending reexamination would require Maptech to re-brief the claim construction issues as a result of the reexamination proceedings. Absent a compelling showing by Sea-Watch of newly-discovered information, it is unfair to burden Maptech with this additional, and potentially unnecessary expense. It will also unduly prejudice Maptech to have a pending court case hanging over its head during the entire reexamination period, which is likely to last over a year, and possibly more than two. Finally, granting Sea-Watch's unilateral attempt to stay the case would prevent Maptech from pursuing its counterclaim for invalidity, which Maptech filed in response to the present action. This would unfairly deprive Maptech of its opportunity before this Court to fight the patent claims that were asserted against it.

On the other hand, denying Sea-Watch's motion for stay would not preclude Sea-Watch

from pursuing a reexamination, regardless of the outcome of the Court's ruling on claim construction. As a result, Sea-Watch will not be unduly prejudiced by a denial of its Motion to Stay.

Alternatively, if the Court is inclined to defer to the PTO's resolution of a reexamination of the '341 Patent, Maptech respectfully requests that the case be dismissed. If the Court is waiting on a decision from the PTO and the case is not being actively litigated, it is unfair to burden Maptech by remaining a defendant in a federal lawsuit for infringement of a patent that may be significantly amended or invalidated. By dismissing the action, at least Maptech will released from repeated audit requests and other corporate reporting burdens imposed by the existence of a pending lawsuit.

In sum, Maptech respectfully requests this Court to deny Sea-Watch's Motion to Stay and reset the date for the Court to issue its Markman ruling on the claim construction the for the '341 Patent, or alternatively, dismiss the lawsuit.

Dated: April 24, 2006

Respectfully submitted,

MAPTECH, INC.

By: _____
One of Its Attorneys

Peter B. Newton, Esq. (618 5813)
Michael G. Kelber, Esq. (623 1033)
Thomas E. Williams, Esq. (627 9511)
Dexter G. Benoit, Esq. (628 4677)
Dao L. Boyle, Esq. (626 9407)
**Neal, Gerber & Eisenberg LLP**
Two North LaSalle St. -Suite 2200
Chicago, IL 60602
Phone: (312) 269-8000
Fax: (312) 269-1747

## CERTIFICATE OF SERVICE

I, Michel G. Kelber, an attorney, state that I served a copy of the foregoing, ***DEFENDANT MAPTECH'S OPPOSITION TO PLAINTIFF SEA-WATCH'S MOTION FOR STAY OF PROCEEDINGS,*** via the CM/ECF system, which will send a notice of electronic filing by e-mail to the following counsel of record:

>Joseph N. Hosteny
>Arthur A. Gasey
>Kara L. Szpondowski
>**Niro, Scavone, Haller & Niro, Ltd.**
>181 West Madison Street
>Suite 4600
>Chicago, IL 60602
>(312) 236-0733 (phone)
>(312) 236-3137 (fax)
>Attorneys for Plaintiff Sea-Watch Technologies, Inc.

Date: April 24, 2006

_____
Michael G. Kelber

NGEDOCS: 1279789.1