### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| SEA-WATCH TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 05 CV 3523 |
| v. | ) | |
| | ) | Hon. Elaine E. Bucklo |
| | ) | Magistrate Judge Ashman |
| BRUNSWICK CORPORATION, | ) | |
| MAPTECH, INC., and SEA RAY BOATS, INC., | ) | |
| | ) | |
| Defendants. | ) | Jury Trial Demanded |

### SEA-WATCH'S REPLY IN SUPPORT OF ITS MOTION TO STAY

Maptech seeks dismissal instead of a stay for reexamination. It cites only one case, *Tap Pharmaceutical Products, Inc. v. Atrix Laboratories, Inc.* 2004 WL 422697, 70 USPQ 2d 1319 (N.D. Ill. 2004). Since Maptech did not attach a copy, Sea-Watch attaches a copy to this reply.

*Tap* did not dismiss the action, the relief sought here by Maptech. Instead, *Tap* stayed the action in favor of reexamination. *Tap* considered three factors: (1) whether a stay would unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court. 70 USPQ 2d at 1320.

Here, Maptech has not taken any discovery. It responded with objections to five document requests, stating that documents cannot be produced because the protective order negotiated with the co-defendants (Maptech's customer) is not satisfactory. No one has been deposed. *Tap*'s first factor favors a stay.

Reexaminations are conducted by statute with special dispatch. U.S.C. § 305. An order granting or denying reexamination must issue within three months of the request. 35 U.S.C. § 303.

These proceedings can consider patents and printed publications. 35 U.S.C. §§ 301-03. Claims can be confirmed without any change, modified, or cancelled. New claims can be added. 35 U.S.C. § 305. Since a reexamination considers patents and publications that almost always were not considered in the original prosecution, new arguments about new references may arise in the reexamination. The reexamination will be part of the intrinsic evidence bearing on claim construction. For all those reasons, a ruling now on claim construction -- as Maptech requests -- is far more likely to increase the burden on the Court and parties. Any claim construction should follow reexamination, so that the Court does not have to repeat the task. And, should the claims be confirmed, the present claim construction briefs will still be useful. *Tap*'s second and third factors favor a stay.

Of course, any reexamination will provide the examiner's views on new art, a traditional basis for reexamination. *Tap*'s second and third factors favor a stay. Any stay may well be brief. The reexamination in *Tap* was requested in March, 2004 and concluded in October, 2004. (See the Pacer docket for the case, and particularly docket entries 54 and 59.)

*Tap* noted that the reexaminations in that case were initiated before that suit began. That was not possible here. The items presently being examined for submission in a reexamination were provided after this suit began.

A dismissal would prejudice Sea-Watch, because the period for damages is the six years preceding the filing of a complaint. 35 U.S.C. § 286. Thus, Sea-Watch prefers a stay. Should the Court adopt Maptech's proposal, Sea-Watch requests that any dismissal have the following conditions:

1. Maptech, with advice of competent counsel, knowingly and intelligently waives:

        a.  Any limitation on damages that might apply, so that the damages period extends six years' back from the filing of the original complaint; and

        b.  Any defense that might arise from delay occasioned by reexamination, including any laches defense.

Sea-Watch thanks the Court for its attention to this motion.

Respectfully submitted,

/s/ Joseph N. Hosteny
Joseph N. Hosteny
Arthur A. Gasey
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois 60602
Phone:  312-236-0733;
Fax:    312-236-3137

Attorneys for Sea-Watch Technologies, Inc.

**CERTIFICATE OF SERVICE**

I certify that on  April 27,  2006, I electronically filed **SEA-WATCH'S REPLY IN SUPPORT OF ITS MOTION TO STAY** with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the attorneys listed below, and that a copy was hand delivered to Judge Bucklo's Courtroom Deputy, Mathew John, in Room 1438.

Thomas M. Durkin
David D. Pope
Robert W. Unikel
Mayer, Brown, Rowe & Maw
71 South Wacker Drive
Chicago, Illinois 60606
Phone: 312-782-0600
Fax: 312-701-7711
E-mail: tdurkin@mayerbrownrowe.com
Attorneys for Brunswick Corporation and
Sea Ray Boats, Inc.

Peter B. Newton (312-269-8027; pnewton@ngelaw.com)
Michael G. Kelber (312-269-5322; mkelber@ngelaw.com)
Dexter G. Benoit (312-269-5229; dbenoit@ngelaw.com
Thomas E. Williams (312-269-5355; twilliams@ngelaw.com)
Neal, Gerber & Eisenberg LLP
Two North LaSalle Street, Suite 2200
Chicago, Illinois 60602
Fax: 312-269-1747
Attorneys for MapTech, Inc.

  /s/ Joseph N. Hosteny